```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MICHAEL ALMORE, JR., | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 16-8118 (JBS-AMD) |
| CAMDEN COUNTY CORRECTIONAL FACILITY; ET AL., | **OPINION** |
| Defendants. | |

APPEARANCES:

Michael Almore, Jr., Plaintiff Pro Se
1039 Jackson Street
Camden, New Jersey 08104

**SIMANDLE, Chief District Judge:**

## I.  INTRODUCTION

Plaintiff Michael Almore, Jr. seeks to bring a civil rights complaint pursuant to the 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF"), Warden David Owens, Warden J. Taylor, and Camden County Board of Freeholders. Complaint, Docket Entry 1. Based on Plaintiff's affidavit of indigency, the Court will grant his application to proceed *in forma pauperis*.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a

claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will dismiss the complaint with prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

## II.   BACKGROUND

Plaintiff alleges that during 1996 to 1998, as well as in 2001, 2009 and 2010, he was detained in the CCCF and "placed in a cell with 3 other inmates." Complaint § III.

## III.  STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. The Court must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**IV. DISCUSSION**

Plaintiff seeks monetary damages for allegedly unconstitutional conditions of confinement in the CCCF that he experienced between 1996 to 1998, 2001, 2009 and 2010. Plaintiff's complaint is barred by the statute of limitations, which is governed by New Jersey's two-year limitations period for personal injury.[1] *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). The accrual date of a § 1983 action is determined by federal law, however. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014).

---

[1] "Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under § 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 111–12 (3d Cir. 2013) (per curiam).

"Under federal law, a cause of action accrues when the plaintiff knew or should have known of the injury upon which the action is based." *Montanez*, 773 F.3d at 480 (internal quotation marks omitted). Plaintiff states he was detained in 1996 to 1998, 2001, 2009 and 2010. The allegedly unconstitutional conditions of confinement at CCCF would have been immediately apparent to Plaintiff at the time of his detention; therefore, the statute of limitations for Plaintiff's claims expired in 2012 at the latest. As there are no grounds for equitable tolling of the statute of limitations,[2] the complaint will be dismissed with prejudice. *Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (affirming dismissal with prejudice due to expiration of statute of limitations).

**V.   CONCLUSION**

For the reasons stated above, the complaint is dismissed with prejudice for failure to state a claim. An appropriate order follows.

| | |
|---|---|
| **February 28, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |

---

[2] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'" *Omar v. Blackman*, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009)).